UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
SOCPROP S.à.r.l.,                                   :        09 CIV 00955 (Jones, J.)
                                                    :
                    Plaintiff,                      :
                                                    :
            v.                                      :
                                                    :        **ANSWER**
Aero Toy Store, LLC                                 :
                                                    :
                    Defendant.                      :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Aero Toy Store, LLC ("Defendant" or "ATS"), by its attorneys Winston & Strawn LLP, hereby answers the Complaint of Plaintiff SOCPROP S.à.r.l. ("Plaintiff" or "SOCPROP"), dated February 3, 2009 (the "Complaint") as follows:

## GENERAL ANSWERS

By way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Complaint as a whole. Defendant further submits that the use of headings throughout the Complaint is improper and, therefore, no response to them is required. To the extent a response is required, and to the extent that any such headings contain allegations directed at Defendant, Defendant denies those allegations. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## SPECIFIC ANSWERS

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in the first sentence of Paragraph 2 of the Complaint assert legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendant admits that the Complaint purports to state a claim for the cause of action identified in Paragraph 2 of the Complaint, admits that it entered into a contract with SOCPROP, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint, except admits that the parties entered into an Aircraft Purchase and Sale Agreement Amendment Agreement and respectfully refers the Court to the referenced document for the terms and conditions thereof.

5.      Defendant denies knowledge of information sufficient to form a belief as to truth of the allegations contained in the first sentence of Paragraph 5 of the Complaint and any allegations relating to what SOCPROP "clearly understood."  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies  the allegations contained in Paragraph 6 of the Complaint, except admits that it sent a Notice of Default to SOCPROP on October 1, 2008, and respectfully refers the Court to that document, attached hereto as Exhibit 1, for the terms and conditions thereof.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Co mplaint, except admits that it served SOCPROP with a Notice of Termination on October 15, 2008.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that SOCPROP attempted to arrange for final inspection and delivery of the Aircraft after ATS had properly terminated the Agreement and that ATS reiterated its position that the Agreement had been terminated.

10. Defendant denies the allegations contained in Paragraph 10 the Complaint, except admits that SOCPROP attempted to arrange for final inspection and delivery of the Aircraft after ATS had properly terminated the Agreement.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that the action purports to state a claim for the cause of action identified in Paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as the to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint assert legal conclusions to which no response is required.   To the extent the Court deems a response required, Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint assert legal conclusions to which no response is required.   To the extent the Court deems a response required, Defendant admits the allegations contained in Paragraph 15 of the Complaint, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits that on March 6, 2008, the parties entered into an Aircraft Purchase and Sale Agreement (the "Agreement"), and respectfully refers the Court to the referenced document for the terms and conditions thereof.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits the Agreement provided for a Provisional Inspection and respectfully refers the Court to the referenced document for the terms and conditions thereof.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that it performed its Provisional Inspection, signed the Provisional Acceptance Letter on March 11, 2008, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

20.    Defendant admits the allegations contained in the first sentence of Paragraph 20 of the Complaint but denies the remaining allegations contained in Paragraph 20 of the Complaint, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

21.    Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits the Agreement addresses the Provisional Acceptance letter and final inspection, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint, except admits the Agreement addresses timing of a test flight and respectfully refers the Court to the referenced document for the terms and conditions thereof.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits that the Agreement addresses the Final Acceptance Letter and respectfully refers the Court to the referenced document for the terms and conditions thereof.

- 4 -

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except admits that the Agreement addresses the closing, and respectfully refers the Court to the referenced document for the terms and conditions thereof.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, except admits that it entered into an Aircraft Purchase and Sale Agreement Amendment Agreement with SOCPROP (the "Amendment"), and respectfully refers the Court to the referenced document for the terms and conditions thereof.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, except admits that it sent SOCPROP a Notice of Default on October 1, 2009 and respectfully refers the Court to that document, annexed hereto as Exhibit 1, for the terms and conditions thereof.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint, except admits that SOCPROP claimed the Aircraft was ready for delivery.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint, except admits that it demanded delivery, pursuant to the terms of the Agreement, within 10 days, all as demanded in its October 1, 2008 Notice of Default.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint except admits that SOCPROP claimed that the Agreement had not been breached, and admits that ATS requested delivery, under the terms and conditions of the Agreement, by October 15, 2008.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint, except admits that SOCPROP informed ATS that the Aircraft was scheduled for maintenance.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint, except admits that it served SOCPROP with a Notice of Termination on October 15, 2008, and respectfully refers the Court to that document, annexed hereto as Exhibit 2, for the terms and conditions thereof.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, except admits that after being served with ATS's Notice of Termination, SOCPROP still attempted to arrange for final inspection and delivery of the Aircraft.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint, except admits that after being served with ATS's Notice of Termination, SOCPROP still attempted to arrange for final inspection and delivery of the Aircraft.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

39.     Defendant repeats and realleges each and every response contained in Paragraphs 1-38 above as if fully set forth herein.

40.     The allegations contained in Paragraph 40 assert legal conclusions to which no response is required.  To the extent the Court deems a response necessary, Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 assert legal conclusions to which no response is required.  To the extent the Court deems a response necessary, Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION
### (PROMISSORY ESTOPPEL)

45.     Defendant repeats and realleges each and every response contained in Paragraphs 1-44 above as if fully set forth herein.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## THIRD CAUSE OF ACTION
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

50.     Defendant repeats and realleges each and every response contained in Paragraphs 1-49 above as if fully set forth herein.

51.     The allegations contained in Paragraph 51 of the Complaint assert a legal conclusion to which no response is required.  To the extent the Court requires a response, Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52.   Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.   Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate any damages it has allegedly suffered.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to a failure to perform a condition subsequent.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon any other defense or defenses that may become available or appear(s) during the pre-trial proceedings based on evidence developed in discovery or otherwise, and hereby reserves the right to amend its answer to assert any such defenses.

## COUNTERCLAIMS

### FACTUAL BACKGROUND

54.     On March 6, 2008, SOCPROP and ATS entered into an Aircraft Purchase and Sale Agreement for a Global Express Jet, serial number 9076 (the "Agreement").   The Agreement provided that "the Closing shall occur within a maximum period of three (3) Business Days after Seller's notice to Purchaser that the Aircraft has been transported to the Delivery Location, which is anticipated to be on or about July 1, 2009." (*See* Complaint, Ex. A, § 4.1).

55.     The Agreement also provided that ATS:

> shall be permitted (at the Purchaser's own cost) to conduct: . . . (ii) an inspection (the "Provisional Inspection") of the Aircraft, the scope of which shall be as reasonably specified by Purchaser and may include a test flight of up to one and a half (1.5) hours in duration, at either Global Jet Center, Luxemburg, or Farnborough Airport, England, as the parties may agree (the "Provisional Inspection Facility"), such Provisional Inspection to be: (x) commenced (by the Purchaser), on or about March 8, 2008 (subject to the Aircraft then being positioned at the Provisional Inspection Facility); and (y) completed (by they Purchaser), within a maximum period of five (5) Business Days thereafter. (*See* Complaint, Ex. A, § 3.2).

56.     The Provisional Inspection was performed by ATS and ATS signed the Provisional Acceptance Letter on March 11, 2008, indicating what Discrepancies needed to be remedied and reserving its rights to note additional Discrepancies discovered during its Test Flight, which was to occur when the Aircraft was to be sent to the maintenance facility, and during its Final Inspection. (*See* Complaint, Ex. B).

57.     Pursuant to the Agreement, upon SOCPROP's acceptance of the Provisional Acceptance Letter, the escrow deposit of $3,000,000 "shall become non-refundable **(subject to Seller's timely compliance with its obligations hereunder.)**" (*See* Complaint, Ex.

A, § 3.4) (emphasis added).  Because SOCPROP did not comply with its obligations under the Agreement, the money is Escrow remained, at all times, fully refundable.

58.     Upon information and belief, SOCPROP had entered into a contract with Bombardier for the purchase of a new aircraft.  Delivery was scheduled for summer 2008, however, it was delayed.

59.     As a result, in June 2008, the parties entered into an Aircraft Purchase and Sale Agreement Amendment Agreement (the "Amendment"), which provided that "the Closing shall occur within a maximum period of three (3) Business Days after Seller's notice to purchaser that the Aircraft has been transported to the Delivery Location, which is anticipated to be during September 2008." (*See* Complaint, Ex. C at 1).

60.     On September 17, 2008, SOCPROP notified ATS that the Aircraft "is going to be in mtce [maintenance] for almost all of October and we think we might do this in Montreal." (A copy of SOCPROP's September 17, 2008 e-mail is annexed hereto as Exhibit 3). Notably, no explanation was given as to why this maintenance, which would remedy the deficiencies ATS noted in March, would not be conducted until October, seven months after ATS had conducted its Provisional Inspection.

61.     Upon information and belief, during the entire time that delivery of the Aircraft was delayed to ATS, SOCPROP was continuing to use the Aircraft at its discretion.

62.     The Aircraft was not transported to the Delivery Location, which had not even been identified, during September 2008, as per the Amendment.

63.     Accordingly, on October 1, 2008, ATS sent SOCPROP a Notice of Default, advising that "unless the Seller can comply with all Conditions to Closing within a maximum period of ten (10) Business Days following its receipt of this Notice, the Purchaser's

original decision to acquire the Aircraft may be adversely affected and, in such event, the Purchaser may have no alternative but to terminate the Agreement and receive a return of the Deposit posted by it thereunder." (*See* Ex. 1).

      64.    On October 2, 2009, SOCPROP curiously responded that the Aircraft was available for delivery at any time, despite that fact that, in order for the Aircraft to be "available for delivery" it must be in the condition required by the provisions of Section 3.1 of the Agreement, which states:

> **Aircraft Conditions**. The Aircraft shall be delivered to Purchaser on the Closing Date in the following conditions:
> 3.1.1   with no liens;
> 3.1.2   with all applicable Airworthiness Directives issued by the DCAL and/or FAA and/or all other governmental authorities having jurisdiction, and all Mandatory Service Bulletins issued by any of the manufacturers (in each case, with respect to any component of the Aircraft) complied with and current to date, and all systems functioning properly;
> 3.1.3   with all Airframe and Engine inspections current to date, as per each manufacturer's recommended maintenance schedule;
> 3.1.4   with all Airframes, Engines, APU and avionics maintenance programs and contracts, if any, paid to date;
> 3.1.5   with no material damage history (i.e., requiring the filing of FAA form 337);
> 3.1.6   with no more than (300) hours of additional usage (between the date hereof and the closing);
> 3.1.7   with all Aircraft Documents; and
> 3.1.8   with all Miscellaneous Items. (*See* Complaint, Ex. A, § 3.1).

      65.    Furthermore, the Provisional Acceptance Letter required that all Discrepancies noted in its Addendum be repaired, that the Purchaser be afforded the opportunity to conduct a test flight of the Aircraft and, that the Aircraft be made available for a Final Inspection after those events had occurred. (*See* Complaint, Ex. B).

66.     Upon information and belief, the Aircraft had not yet been transported to the Maintenance Facility, nor had the discrepancies noted in the Provisional Acceptance Letter been corrected as of the date of such October 2, 2008 notice to ATS.

67.     Additionally, ATS had not been given the opportunity to be present during the flight to such facility, and it had not received, as required by the Agreement, the Export Certificate of Airworthiness.

68.     ATS informed SOCPROP that the Aircraft was not available for delivery pursuant to the terms and provisions of the Agreement and afforded SOCPROP ten days to cure these deficiencies pursuant to Section 7.4.1 of the Agreement.  (*See* Complaint, Ex. A, § 7.4.1).

69.     The deficiencies were not cured and, on October 10, 2008, ATS afforded SOCPROP an additional 5 days to be ready, willing and able to deliver the Aircraft to ATS pursuant to the terms and conditions of the Agreement and Provisional Acceptance Letter.

70.     On October 15, 2008, having not received delivery of the Aircraft pursuant to the terms and conditions of the Agreement and Provisional Acceptance Letter, ATS sent a Notice of Termination to SOCPROP, stating that unless documentary evidence of compliance with the Agreement was received by 5:00 p.m., ATS was terminating the Agreement.  (*See* Ex. 2).

71.     No documentary evidence was received and the Agreement was terminated by ATS on October 15, 2008.  ATS further demanded the return of its deposit pursuant to Section 7.4.1 of the Agreement.

## AS AND FOR A FIRST COUNTERCLAIM
### (BREACH OF CONTRACT)

72.     ATS incorporates herein by reference the allegations contained in paragraphs 54 through 71.

- 12 -

73.     The Agreement and Amendment between ATS and SOCPROP are valid and enforceable contracts.

74.     Pursuant to the Agreement and Amendment, SOCPROP agreed to timely sell and deliver to ATS the Aircraft.

75.     SOCPROP breached its contractual obligations under the Agreement and Amendment by failing to deliver the Aircraft pursuant to the terms and conditions of the Agreement.

76.     SOCPROP also breached its contractual obligations under the Confidentiality provision of the Agreement in filing its Complaint in this action without making any efforts to prevent disclosure of protected information.

77.     As a result of SOCPROP's breach of the Agreement and Amendment, ATS is entitled to the return of its deposit of 3,000,000.

78.     As a result of SOCPROP's breach of the Agreement and Amendment, ATS has also suffered damages as result of being deprived of the Aircraft pursuant to the Agreement.

79.     As a result of SOCPROP's breach of the Agreement and Amendment, ATS is entitled to damages in an amount to be determined at trial, but no less than $3,000,000.

## SECOND COUNTERCLAIM
### (BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING)

80.     ATS incorporates herein by reference the allegations contained in paragraph 54 through 79.

81.     The Agreement and Amendment between SOCPROP and ATS are valid and enforceable contracts containing implied covenants of good faith and fair dealing.

82.     In breach of its contractual obligations, SOCPROP acted in bad faith in its dealings with ATS by failing to timely deliver the Aircraft pursuant to the Agreement and Amendment.

83.     As a result of SOCPROP's conduct, ATS has suffered damages in an amount to be determined at trial.

WHEREFORE, defendant ATS respectfully requests that the Court enter a Judgment: (1) dismissing the Complaint; (2) granting ATS judgment on the First Counterclaim in an amount to be determined at the time of trial, but no less than $3,000,000; (3) granting ATS judgment on the Second Counterclaim in an amount to be determined at the time of trial; (4) granting ATS an award of costs and disbursements in the action; and (5) granting such other and further relief as the Court deems just and proper.

Dated: March 9, 2009
      New York, New York

                        WINSTON & STRAWN LLP
                        By: _____/s/_____
                            Edwin M. Larkin
                            Melissa A. Gabriel

                        200 Park Avenue
                        New York, New York 10166
                        (212) 294-6700

                        *Attorneys for Defendant Aero Toy Store, LLC*

- 14 -

# EXHIBIT 1



October 1, 2008

<u>VIA: FAX & UPS</u>
SOCROP SARL
c/o Fortis Intertrust
65 Boulevard Grand Duchess of Charlotte
L-1331 Luxembourg
Attn.: Cornelius Bechtel, Manager

## NOTICE OF DEFAULT

Ladies & Gentlemen:

Reference is made to that certain Aircraft Purchase and Sale Agreement, dated March 6, 2008, pursuant to which Socrop Sarl agreed to sell and deliver to Aero Toy Store, LLC, that certain Global Express jet aircraft bearing Manufacturer's Serial Number 9076 (as amended by that certain Amendment Agreement, dated June 23, 2008, hereinafter collectively referred to as the "Agreement"). All capitalized terms used (but not otherwise defined) herein, shall have the identical respective meanings ascribed to them in the Agreement.

As you are aware, the Purchaser previously consented to the Seller's request that the Closing be adjourned until, at the latest, October 3, 2008, an additional period of two (2) months, so as to afford the Seller an additional, reasonable period of time (expiring on September 30, 2008) within which to cause: (a) all Discrepancies to be repaired/corrected; (b) the Aircraft to be made available for the Purchaser's Final Inspection and test flight; and(c) the Aircraft to be positioned at the Delivery Location reasonably selected by the Purchaser (together with the Pre-Closing Obligations set forth in Section 4.2 of the Agreement, hereinafter collectively referred to as the "Conditions to Closing"), it being confirmed to the Purchaser that the Seller will not even be in a position to commence the repair/correction of all Discrepancies, until mid October 2008.

In view of the foregoing, please be advised that unless the Seller can comply with all Conditions to Closing within a maximum period of ten (10) Business Days following its receipt of this Notice, the Purchaser's original decision to acquire the Aircraft may be adversely affected and, in such event, the Purchaser may have no alternative but to terminate the Agreement and receive a return of the Deposit posted by it thereunder.

Very truly yours,
Aero Toy Store, LLC

By

Joseph Silver,
General Counsel

cc.: Morris Shirazi
Richard Laggan
Gary Anzalone
Townsend Lunsford
"Cornelius.Bechtel@fortisintertrust.com"

# EXHIBIT 2



---

| NOTICE OF TERMINATION |
| :---: |

October 15, 2008

<u>VIA FAX:  011-352-26-449-900 & FEDEX</u>

SOCPROP SARL
c/o Fortis Intertrust
65 Boulevard Grand Duchess of Charlotte
L-1331 Luxembourg
Attn:  Cornelius Bechtel, Manager

### RE:  *Global Express – Serial Number 9076*

Ladies and Gentlemen:

Reference is made to that certain Aircraft Purchase and Sale Agreement, dated March 6, 2008, pursuant to which Socprop Sarl agreed to sell and deliver to Aero Toy Store, LLC ("ATS") that certain Global Express jet aircraft bearing Manufacturer's Serial Number 9076 (as amended by that certain Amendment Agreement, dated June 23, 2008, hereinafter collectively referred to as the "Agreement"). All capitalized terms used (but not otherwise defined) herein, shall have the identical, respective meanings ascribed to them in the Agreement.

In addition to the foregoing, reference is made to:  (i) the Purchaser's Notice of Default to the Seller, dated October 1, 2008; (ii) the Seller's response to such Notice, dated October 10, 2008; and (iii) the Purchaser's response thereto, dated October 10, 2008, a copy of each of which is annexed hereto.

With respect to the foregoing, please be advised that unless the Seller today e-mails to me, **by 5:00 P.M. (Eastern Standard Time)** documentary evidence confirming that all Discrepancies referred to in the Provisional Acceptance Letter, dated March 11, 2008, have been repaired/corrected, as well as evidence that, as of the date hereof, the Seller has obtained a current and valid Export Certificate of Airworthiness issued by the Directorate of the Civil Aviation Registry of Luxembourg ("DCAL") in favor of the United States and a letter, from DCAL, confirming that the Aircraft has been deregistered from DCAL, the Seller hereby terminates said Agreement, as of 5:00 P.M. (EST) today.

1710 W. Cypress Creek Road • Fort Lauderdale, Florida 33309 • (954) 771-1795 • Fax (954) 771-3281

SOCPROP SARL
c/o Cornelius, Bechtel, Manager
October 15, 2008
Page Two

In this regard, please be advised that the Purchaser, by forwarding a copy hereof to Insured Aircraft Title Service, Inc. ("IATS"), is hereby requesting that, unless the aforesaid documentary evidence is also provided to IATS by 5:00 P.M. (EST) today, the Purchaser hereby demands a return of the Deposit posted, by it, under said Agreement.

Very truly yours,

AERO TOY STORE, LLC


By: _____
Joseph Silver,
General Counsel

JS:cl
Enclosures

Cc:  Morris Shirazi
     Richard Laggan
     Gary Anzalone
     Townsend Lunsford    townsend@aerotoystore.com
     Cornelius Bechtel     cornelius.bechtel@fortisintertrust.com
     Paul Heagren         paulh@mhc-services.co.uk
     Chandra Crawford     ccrawford@insuredaircraft.com

# EXHIBIT 3

01/06/2009 16:53 FAX                                                    004/005

**Paul Heagren**

**From:**    Paul Heagren
**Sent:**    17 September 2008 17:12
**To:**      Townsend Lunsford
**Subject:** Global

Townsend

I have not forgotten your request for the full specification – just want to be sure I am giving you the accurate version

Regarding timing, the aircraft is due a major mtce routine and we are trying to co-ordinate the dates on this. It looks like it is going to be in mtce for almost all of October and we think we might do this in Montreal – this all has some advantages:

- you get the aircraft 100% up to date with all mtce work
- aircraft goes to you direct from mtce in Montreal so no transatlantic flight
- your guys can look inside the engines and do everything else they want during this period
- your guys can get on the flight from London to Montreal and use it as the test flight for the pre buy

The downside would be that the final delivery date is determined by the mtce people rather than us

The programme should be finalised in the next few days but it looks increasingly unlikely that the aircraft would be available for you 8/9th October in Florida

Regards

*Paul Heagren*
*Tele - 0044 207 958 2808*
*Fax - 0044 207 958 2887*
*Mob - 0044 7905 503354*

This is to confirm that we have changed our name to MHC (Services) Ltd - all other details remain the same

28/11/2008