William P. Frank
Lauren E. Aguiar
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCPROP S.à.r.l., Plaintiff, - against - Aero Toy Store, LLC Defendant. | 09 Civ. 00955 **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff SOCPROP S.à.r.l. ("SOCPROP"), by and through its counsel, Skadden, Arps, Slate, Meagher & Flom LLP, answers the counterclaims of Defendant Aero Toy Store, LLC ("ATS") dated March 9, 2009 (the "Counterclaims").[1]

54. Plaintiff states that paragraph 54 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff admits the allegations and refers to the Aircraft Purchase and Sale Agreement (the "Agreement"), a copy of which is attached as Exhibit A to Plaintiff's Complaint, for the full and accurate contents thereof.

[1] The numbered paragraphs herein correspond to the paragraph numbers in the Counterclaims.

55. Plaintiff admits the allegations contained in paragraph 55 of the Counterclaims.

56. Plaintiff denies the allegations contained in paragraph 56 of the Counterclaims, except admits that Defendant signed the Provisional Acceptance Letter on March 11, 2008, a copy of which is attached as Exhibit B to the Complaint, and refers to that document for the full and accurate contents thereof.

57. Plaintiff states that paragraph 57 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations, except admits that Plaintiff accepted the Provisional Acceptance Letter signed by Defendant.

58. Plaintiff admits the allegations contained in paragraph 58 of the Counterclaims.

59. Plaintiff states that paragraph 59 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff admits the allegations and refers to the Aircraft Purchase and Sale Agreement, Amendment Agreement, a copy of which is attached as Exhibit C to the Complaint, for the full and accurate contents thereof.

60. Plaintiff denies the allegations contained in paragraph 60 of the Counterclaims, except admits that Plaintiff informed Defendant on September 17, 2008 that the Aircraft was due for maintenance, which Plaintiff proposed to complete in Montreal, Canada, and that this maintenance would take three to four weeks. (*See* Complaint ¶ 28)

61. Plaintiff denies the allegations contained in paragraph 61 of the Counterclaims.

62. Plaintiff denies the allegations contained in paragraph 62 of the Counterclaims,

except admits that Defendant had not agreed to a Delivery Location during September 2008.

63. Plaintiff denies the allegations contained in paragraph 63 of the Counterclaims, except admits that Defendant sent Plaintiff a purported Notice of Default on October 1, 2008.

64. Plaintiff denies the allegations contained in paragraph 64 of the Counterclaims, except admits that Agreement § 3.1 contains certain conditions under which the Aircraft was to be delivered to Defendant on the Closing Date. Plaintiff refers to that document for the full and accurate contents thereof.

65. Plaintiff states that paragraph 65 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff refers to the Provisional Acceptance Letter for the full and accurate contents thereof.

66. Plaintiff denies the allegations contained in paragraph 66 of the Counterclaims, except admits that Defendant had not agreed to a Delivery Location by October 2, 2008.

67. Plaintiff denies the allegations contained in paragraph 67 of the Counterclaims.

68. Plaintiff states that paragraph 68 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations except admits that Defendant responded on October 2, 2008 to Plaintiff's communication that the Aircraft was available for delivery.

69. Plaintiff denies the allegations contained in paragraph 69 of the Counterclaims, except admits that Defendant informed Plaintiff on October 10, 2008 that Plaintiff had five days to deliver the Aircraft to Defendant or otherwise Defendant proposed to terminate the Agreement.

70. Plaintiff denies the allegations contained in paragraph 70 of the Counterclaims, except admits that Defendant sent Plaintiff a purported Notice of Termination on October 15,

2008.

71. Plaintiff denies the allegations contained in paragraph 71 of the Counterclaims, except admits that Defendant purported to unilaterally terminate the Agreement on October 15, 2008 and demanded the return of its deposit.

72. Plaintiff contends that paragraph 72 of the Counterclaims appears to contain no new allegations but merely repeats the allegations contained in paragraphs 54 through 71, and therefore requires no response.

73. Plaintiff states that paragraph 73 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff admits the allegations.

74. Plaintiff states that paragraph 74 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff refers to the content of the Agreement for the full and accurate contents thereof.

75. Plaintiff states that paragraph 75 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

76. Plaintiff states that paragraph 76 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations and refers to the Agreement for the full and accurate contents thereof.

77. Plaintiff states that paragraph 77 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

78. Plaintiff states that paragraph 78 of the Counterclaims states legal conclusions

as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

79. Plaintiff states that paragraph 79 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

80. Plaintiff contends that paragraph 80 of the Counterclaims appears to contain no new allegations but merely repeats the allegations contained in paragraphs 54 through 79, and therefore requires no response.

81. Plaintiff states that paragraph 81 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff admits the allegations.

82. Plaintiff states that paragraph 82 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

83. Plaintiff states that paragraph 83 of the Counterclaims states legal conclusions as to which Plaintiff is not required to plead; to the extent that an answer is required, Plaintiff denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, by the relevant documents.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's second counterclaim is barred because at all times Plaintiff acted reasonably and in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred, in whole or in part, due to its failure to perform its obligations under the Agreement.

WHEREFORE, Plaintiff demands judgment as follows:

(i) Dismissing the Counterclaims with prejudice;

(ii) Entering judgment in favor of Plaintiff;

(iii) Awarding Plaintiff damages on its affirmative claims, in an amount to be determined at trial;

(iv) Awarding Plaintiff its costs and disbursements in defending against the Counterclaims; and

(v) Awarding Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
March 23, 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: William P. Frank
Lauren E. Aguiar
William.Frank@skadden.com
Lauren.Aguiar@skadden.com
Four Times Square
New York, New York 10036
212-735-3000

Attorneys for Plaintiff