William P. Frank
Lauren E. Aguiar
Colm P. McInerney
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCPROP S.à.r.l., Plaintiff, - against – Aero Toy Store, LLC Defendant. | 09 Civ. 00955 (BSJ) (GWG) **ECF CASE** **Electronically Filed** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER ISSUING A LETTER OF REQUEST TO TAKE EVIDENCE IN THE PROVINCE OF QUÉBEC, CANADA, AND A LETTER OF REQUEST TO TAKE EVIDENCE IN THE UNITED KINGDOM**

Plaintiff SOCPROP S.à.r.l. ("SOCPROP") respectfully submits this memorandum of law, along with the accompanying affirmation of Colm P. McInerney, Esq. (the "McInerney Affirmation"), in support of its motion for an order 1) issuing a Letter of Request to take evidence in the Province of Quebec, Canada; and 2) issuing a Letter of Request to take evidence in the United Kingdom.

## INTRODUCTION

On February 3, 2009, Plaintiff filed a Complaint against Defendant Aero Toy

Store, LLC ("ATS"). This action involves a dispute relating to an Aircraft Purchase and Sale Agreement (the "Agreement") signed by the parties on March 6, 2008, whereby ATS was to purchase Plaintiff's Global Express Corporate Jet (the "Aircraft"). ATS also agreed, pursuant to the Agreement, to place $3,000,000 in deposit. In sum, the Complaint alleges that ATS, by failing to complete the purchase of the Aircraft, breached the contract and breached the duty of good faith and fair dealing. A cause of action for promissory estoppel is also alleged.

Plaintiff alleges in its Complaint that ATS agreed to coordinate the delivery of the Aircraft from Plaintiff to ATS with the concomitant delivery of a new aircraft, the Global Express Jet aircraft (the "XRS Jet"), that Plaintiff was purchasing from Bombardier, Inc. ("Bombardier"). Plaintiff further alleges that ATS communicated directly with Bombardier and agreed with it to "coordinate the delivery of the Aircraft from SOCPROP to ATS, with the delivery of the XRS Jet from Bombardier to SOCPROP."[1] Plaintiff also alleges that ATS agreed with Bombardier that it would increase the amount of money it would place into deposit under the Agreement to $5,000,000.

Plaintiff seeks the testimony of two foreign non-party witnesses, Mr. Bob Horner and Mr. Christophe Degoumois, who are the two Bombardier employees that ATS had discussions with regarding coordinating delivery of the two aircraft and increasing the deposit amount. Plaintiff further seeks their testimony to explore the representations that they made to Plaintiff regarding their discussions with ATS.

**A. Bob Horner**

Mr. Horner is the Senior Vice President of Sales at Bombardier Business Aircraft and was the Bombardier employee who met directly with ATS at Farnborough

[1] Compl. ¶ 27.

Airport, England, in July 2008 to discuss coordinating the delivery of the Aircraft from Plaintiff to ATS with the delivery of the XRS Jet from Bombardier to Plaintiff. ATS and Mr. Horner agreed to coordinate the delivery of the two aircraft, and further agreed that ATS would accept delivery of the Aircraft from SOCPROP once SOCPROP had accepted delivery of the XRS Jet from Bombardier. Mr. Horner also had discussions with ATS which resulted in ATS agreeing to increase the amount of money it put in deposit under the Agreement to $5,000,000. Mr. Horner had meetings with Plaintiff wherein he discussed his various meetings and discussions with ATS.

Plaintiff has named Mr. Horner as an individual who is likely to have discoverable information in its Initial Disclosures[2] and its Responses and Objections to Defendant's First Set of Interrogatories,[3] and has named him as a potential witness in its Responses and Objections to Defendant's First Set of Interrogatories. Mr. Horner is based at Bombardier Business Aircraft's office at 400 Corte-Vertu West, Dorval, QC, Canada H4S 1Y9.

**B. <u>Christophe Degoumois</u>**

Mr. Degoumois is the Regional Vice President of Sales at Bombardier Business Aircraft and was the other Bombardier employee who was present during meetings between Mr. Horner and ATS in the summer of 2008 at Farnborough Airport, and he also engaged in discussions with Plaintiff regarding the delivery of the two aircraft. Mr. Degoumois had meetings with Plaintiff wherein he discussed the various meetings he (and Mr. Horner) had with ATS.

---

2 The parties exchanged Initial Disclosures on April 17, 2009.

3 Plaintiff served the Responses and Objections on June 5, 2009.

Plaintiff has named Mr. Degoumois as an individual who is likely to have discoverable information in its Initial Disclosures and Responses and Objections to Defendant's First Set of Interrogatories, and has named him as a potential witness in its Responses and Objections to Defendant's First Set of Interrogatories. Mr. Degoumois is based at Bombardier Business Aircraft's office at Farnborough Airport, Farnborough, Hampshire, GU14 6XA, England.

**Plaintiff Seeks Testimony From Both Non-Parties**

Plaintiff now seeks testimony from both Mr. Horner and Mr. Degoumois, both of whom are located abroad, regarding the relevant events as indicated above.

## ARGUMENT

### It Is In the Interests of Justice to Grant Letters of Request For Limited Discovery of Non-Parties Located Abroad

### A. This Court has the Authority to Issue Letters of Request To Both the Canadian Court and the English Court

This Court has the authority to issue letters of request pursuant to Fed. R. Civ. P. Rule 28(b), which provides that letters of request may be issued "after an application and notice of it." Where, as here, the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence, courts have routinely granted motions for letters of request. Philan Ins. Ltd. v. Frank B. Hall & Co., No. 87 Civ. 4624 (RPP), 1992 WL 183553, at *2 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist plaintiffs in proving damages).

The Southern District of New York routinely issues Letters of Request to both Canada and England. See, e.g., Netherby Ltd. v. Jones Apparel Group, Inc., No. 04 Civ. 7028 (GEL), 2005 WL 1214345 (S.D.N.Y. May 18, 2005) (granting plaintiff's motion for

letters of request to allow it to take third-party discovery in Canada from a Canadian company that was defendants' sub-licensee); Bigio v. Coca-Cola Co., 448 F.3d 176, 179 (2d Cir. 2006) (reversing and remanding district court's decision to dismiss action based on doctrine of forum non conveniens, noting that to the extent there were Canadian witnesses in the case "their testimony can be provided by depositions taken pursuant to letters rogatory."); Elliott Assocs. L.P. v. Republic of Peru, No. 96 Civ. 7917 (RWS), 1997 WL 436493 (S.D.N.Y.) (granting motion for letter of request addressed to the English courts to take a deposition of a non-party in London); Leasco Data Processing Equip. Corp. v. Maxwell, , 63 F.R.D. 94 (S.D.N.Y. 1973) (holding that plaintiffs were entitled to an order issuing letters rogatory to secure testimony of witness in England).

**B. The Information Requested Is Relevant To This Action**

The evidence sought from both foreign witnesses is relevant to Plaintiff's case. Messrs. Horner and Degoumois will provide testimony about certain representations made by ATS regarding accepting delivery of the Aircraft, and discussions they had with ATS regarding whether or not ATS would agree to increase the amount it placed in escrow under the Agreement. Further, both foreign witnesses will provide testimony regarding the discussions they had with Plaintiff regarding ATS and the subject matter of this dispute.

This testimony will support Plaintiff's position that ATS agreed to accept delivery of the Aircraft once Plaintiff had received the XRS Jet from Bombardier-- and to contradict ATS's argument that no such agreement was made-- and thus ATS breached the Agreement by later refusing to accept delivery of the Aircraft. The testimony also will support Plaintiff's argument that ATS agreed to increase the amount it placed in deposit pursuant to the Agreement to $5,000,000.

Thus, as the information sought from both witnesses is likely to lead to the discovery of admissible evidence in this action, this Court should grant Plaintiff's motion. See Elliot Assocs., 1997 WL 436493, at *2 (motion for a letter of request granted where the non-party "may testify about conversations with the Defendants regarding Elliott's Peruvian debt, which may shed light on the champerty defense."); Philan Ins. Ltd., 1992 WL 183553 at *2 (granting motion to issue a letter rogatory where it "may lead to evidence showing that the insurance ceded was accepted by [defendant] Maloney without regard for appropriate underwriting criteria and may assists plaintiffs in proving damages against defendants Smith & Maloney.")

**C. A Letter Of Request For Each of the Foreign Non-Parties Is Necessary**

**i. A Letter of Request for Mr. Horner Is Necessary**

As Mr. Horner is located in the Province of Quebec, Canada, his testimony may be obtained by an order directing him to appear for a deposition in Quebec from the Superior Court of Quebec, pursuant to Division VI, 9 of the Special Procedure Act of the Province of Quebec, which provides that evidence may be taken in Quebec at the request of a foreign court where "upon petition ... it is shown to the Superior Court or to one of the judges thereof ... that a court ... of a foreign country, before which any civil or commercial case is pending, desires to have the evidence of any party or witness in the district."

The Superior Court of Quebec will only compel Mr. Horner's deposition upon a direct request from this Court for judicial assistance via the attached Letter of Request (see McInerney Affirmation, Ex. A). Since Canada is not a signatory to The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555 (the "Hague Convention"), discovery from a Canadian resident may only be obtained

through this direct application to a Canadian court.[4]

Issuance of a letter of request is the proper method for obtaining evidence from Mr. Horner. As discussed above, Mr. Horner's deposition is highly relevant to the claims and defenses at issue in this case. Because Mr. Horner has refused to make himself available for discovery despite counsel for Plaintiff's best efforts to obtain his voluntary compliance with the deposition process, it is necessary for Plaintiff to seek the assistance of this Court to issue the Letter of Request to enable the Plaintiff to depose Mr. Horner.

Accordingly, for these reasons, the Court should issue the attached Letter of Request requesting that the appropriate judicial authority in the Province of Quebec compel Mr. Horner to give testimony relevant to this action.

Plaintiff has instructed the Canadian law firm of Langlois Kronström Desjardins, L.L.P., Barristers & Solicitors, to act as its local agents in Canada to assist in this matter and, should this application be granted, to make an application to the Superior Court of Quebec upon receipt of the Letter of Request for the evidence therein set out to be obtained.

**ii. <u>A Letter of Request for Mr. Degoumois Is Necessary</u>**

As Mr. Degoumois is located at Farnborough, England, his testimony may be obtained by an application made pursuant to, and in conformity with, the Hague Convention, which is in force between the United States and the United Kingdom. The Hague Convention is given effect in English law by the Evidence (Proceedings in Other Jurisdictions) Act 1975.

---

4 See Fed. R. Civ. P. 28(b) ("[A] deposition may be taken in a foreign country: (A) under an applicable treaty or convention; [or] (B) under a letter of request . . .").

The Hague Convention permits this Court, by transmitting a letter of request to the Central Authority in the United Kingdom, or directly to the Competent Authority- in this case the Senior Master (Queen's Bench Division) of the Supreme Court of England and Wales- in the United Kingdom via a party's legal representative in the United Kingdom, to request assistance from the Competent Authority in the United Kingdom to obtain evidence for use in this proceeding. See Hague Convention, Ch. I, Art. 2.

Issuance of a letter of request under the Hague Convention is the proper method for obtaining evidence from Mr. Degoumois. As discussed above, Mr. Degoumois's deposition is highly relevant to the claims and defenses at issue in this case. Because Mr. Degoumois has refused to make himself available for discovery, it is necessary for Plaintiff to seek the assistance of this Court to issue the Letter of Request to enable the Plaintiff to depose Mr. Degoumois.

Accordingly, for these reasons, the Court should issue the attached Letter of Request (see McInerney Affirmation, Ex. B) requesting that the Senior Master (Queen's Bench Division) of the Supreme Court of England and Wales compel Mr. Degoumois to give testimony relevant to this action.

Plaintiff has instructed Skadden, Arps, Slate, Meagher & Flom (UK) LLP to act as its local agents in England to assist in this matter and, should this application be granted, to make an application to the English court upon receipt of the Letter of Request for the evidence therein set out to be obtained.

WHEREFORE, Plaintiff respectfully requests that the Court approve and sign the two attached Letters of Request and affix the seal of this Court to both letters. Upon the Court's approval and signature, counsel for Plaintiff will promptly transmit the Letters of

Request to, respectively, local counsel in Canada to submit to the Superior Court of Quebec and local counsel in England to submit to the Senior Master (Queen's Bench Division) of the Supreme Court of England and Wales.

Dated: New York, New York
August 7, 2009

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: William P. Frank
Lauren E. Aguiar
Colm P. McInerney
William.Frank@skadden.com
Lauren.Aguiar@skadden.com
Colm.McInerney@skadden.com
Four Times Square
New York, New York 10036
212-735-3000

Attorneys for Plaintiff